ORAL ARGUMENT SCHEDULED MAY 16, 2025

**Nos. 25-5037, 25-5055, 25-5057**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CATHY A. HARRIS, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board,

*Plaintiff-Appellee,*

v.

SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.,

*Defendants-Appellants.*

GWYNNE A. WILCOX,

*Plaintiff-Appellee,*

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

*Defendants-Appellants.*

On Appeals from the United States District Court
for the District of Columbia

**COMBINED OPPOSITION TO PETITIONS FOR
INITIAL HEARING EN BANC AND REHEARING EN BANC**

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
JOSHUA M. SALZMAN
LAURA E. MYRON
DANIEL AGUILAR
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7228*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A.     Parties and Amici

In *Harris v. Bessent*, Nos. 25-5037 and 25-5055, plaintiff is Cathy A. Harris, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board. Defendants are Scott Bessent, in his official capacity as Secretary of the Treasury; Trent Morse, in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office; Sergio Gor, in his official capacity as Director of the White House Presidential Personnel Office; Henry J. Kerner, in his official capacity as Acting Chairman of the Merit Systems Protection Board; Donald J. Trump, in his official capacity as President of the United States of America; and Russell T. Vought, in his official capacity as Director of the Office of Management and Budget.

In *Wilcox v. Trump*, No. 25-5057, plaintiff is Gwynne A. Wilcox. Defendants are Donald J. Trump, in his official capacity as President of the United States, and Marvin E. Kaplan, in his official capacity as Chairman of the National Labor Relations Board.

Amici appearing before the district court and this Court are the states of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaiʻi, Idaho, Illinois, Indiana, Iowa, Kansas,

Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, and Wisconsin.

Additional amici include Martin Akerman, the states of Alaska, Ohio, and South Dakota, America's Future, the American Federation of Labor and Congress of Industrial Organizations (AFL-CIO), Americans for Prosperity Foundation, the Arizona Legislature, Coalition for a Democratic Workplace, John C. Coates, the Chamber of Commerce of the United States, Charles Cohen, Conservative Legal Defense and Education Fund, the Constitutional Accountability Center, Ariana Cotes, the District of Columbia, Sarah Fox, Jeffrey N. Gordon, Gun Owners of America, Inc., Gun Owners Foundation, Gun Owners of California, Kathryn Judge, Logan Karam, Wilma Liebman, Lauren McFerran, Lev Menand, Mark Gaston Pearce, Public Advocate Foundation, Public Advocate of the United States, Nancy Schiffer, Separation of Powers Clinic at the Catholic University of America's Columbus School of Law, Jed H. Sugerman, and U.S. Constitutional Rights Legal Defense Fund.

No intervenors participated before the district court or this Court.

### B. Rulings Under Review

Appeal Nos. 25-5037 and 25-5055 arise from the district court suit *Harris v. Bessent*, No. 1:25-cv-412 (D.D.C.), before Judge Rudolph Contreras. The rulings under review in No. 25-5037 are the district court's grant of a temporary restraining order (Dkt. 8) and accompanying memorandum opinion (Dkt. 9), issued on February 18, 2025. The court's opinion will be published in F. Supp. 3d, and is available at 2025 WL 521027. The rulings under review in No. 25-5055 are the district court's grant of summary judgment for declaratory and injunctive relief (Dkt. 39) and accompanying memorandum opinion (Dkt. 40), issued on March 4, 2025. The court's opinion will be published in F. Supp. 3d, and is available at 2025 WL 679303.

Appeal No. 25-5057 arises from the district court suit *Wilcox v. Trump*, No. 1:25-cv-334 (D.D.C.), before Judge Beryl A. Howell. The rulings under review are the district court's grant of summary judgment (Dkt. 34) and accompanying memorandum opinion (Dkt. 35), issued on March 6, 2025. The court's opinion will be published in F. Supp. 3d, and is available at 2025 WL 720914.

## C. Related Cases

These appeals have not previously been before this Court.

*Grundmann v. Trump*, No. 1:25-cv-425 (D.D.C. filed Feb. 13, 2025), involves a challenge to the President's removal of a principal officer from a multimember agency (the Federal Labor Relations Authority) with statutory removal restrictions, 5 U.S.C. § 7104(b).

*Slaughter v. Trump*, No. 1:25-cv-909 (D.D.C. filed Mar. 27, 2025), involves a challenge to the President's removal of a principal officer from a multimember agency (the Federal Trade Commission) with statutory removal restrictions, 15 U.S.C. § 41.

/s/ *Daniel Aguilar*
Daniel Aguilar
  *Attorney, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

## OPPOSITION TO PETITIONS FOR
## INITIAL HEARING EN BANC AND REHEARING EN BANC

**1.** These appeals arise from district court orders that immediately reinstated two principal executive officers—heads of the National Labor Relations Board (Gwynne Wilcox) and the Merit Systems Protection Board (Cathy Harris)—whom the President has lawfully removed. A panel of this Court correctly stayed those orders, which work a grave harm to the separation of powers and undermine the President's ability to exercise his executive authority. As this Court explained in *Dellinger v. Bessent*—when staying an order reinstating another principal executive officer whom the President removed—and as Judge Henderson reiterated in this case, "it is impossible to unwind the days during which a President is 'directed to recognize and work with an agency head whom he has already removed.'" Henderson Stay Op. 6 (Henderson, J., concurring) (quoting *Dellinger v. Bessent*, No. 25-5052, slip op. at 6 (D.C. Cir. Mar. 10, 2025)). Judge Walker similarly recognized that "[t]he forcible reinstatement of a presidentially removed principal officer disenfranchises voters by hampering the President's ability to govern." Walker Stay. Op. 47 (Walker, J., concurring).

Accordingly, the stay motion panel determined that the government had satisfied the stringent standards for a stay under *Nken v. Holder*, 556 U.S. 418, 425-26 (2009), and in particular, "easily carried its burden of

showing irreparable harm," Henderson Stay Op. 1; *accord* Walker Stay Op. 43-45. Neither petition for rehearing en banc claims that the panel erred in that irreparable injury analysis. That is understandable, as congressional restrictions on the President's ability to remove principal executive officers "imping[e] on the 'conclusive and preclusive' power through which the President controls the Executive Branch that he is responsible for supervising." *Dellinger v. Bessent*, No. 25-5052, slip op. at 6 (quoting *Trump v. United States*, 603 U.S. 593, 608-09 (2024)).

Plaintiffs' requests for en banc intervention focus exclusively on the constitutional merits—whether the President can constitutionally remove Harris and Wilcox from their respective positions. Harris mistakenly asserts that the stay motion panel "overturned *Humphrey's Executor*," Harris Pet. 11, but the Court has done no such thing, *see* Walker Stay Op. 34 (affirming that is "uncontroversial" that *Humphrey's* remains "good law," but explaining that it does not follow that the decision should be read as "broadly" as Wilcox and Harris ask). Moreover, the panel assessed the government's likelihood of success on the merits in conjunction with the other stay factors. *See generally* Henderson Stay Op. 6-10 (emphasizing that the non-merits factors strongly favor the President).

2

Even if this Court disagrees with the panel's reading of *Humphrey's Executor*, the stay is independently justified on the ground that courts lack the power to grant equitable relief restraining the removal of executive officers. *See* Walker Stay Op. 3-5 n. 10 (identifying support for this argument). The Supreme Court has long held that "a court of equity has no jurisdiction over the appointment and removal of public officers." *White v. Berry*, 171 U.S. 366, 376 (1898). Harris invokes the "foundational principle of vertical *stare decisis*," Harris Pet. 14, but that principle requires respecting the Supreme Court's remedial precedents no less than it requires following the Court's removal precedents.

In any event, the constitutional question is already proceeding on a highly expedited schedule. The government submitted its consolidated opening merits brief last Thursday (March 27), briefing in both cases will conclude by April 11, and the Court has already assigned these appeals for oral argument before a merits panel on May 16. The Court will thus consider the merits in short order, and there is no need for the en banc Court to engage in the additional, interlocutory task of re-assessing the government's stay motion, which was already adjudicated in a proper and expedited manner. Particularly given the expedited consideration of the merits, "the circumstances cut in favor of a stay," as "[a]t worst," plaintiffs

3

will "remain out of office for a short period of time," and that "does not mean [plaintiffs'] injury is irreparable." *Dellinger v. Bessent*, No. 25-5052, slip op. at 7.

If the government prevails on the merits at the conclusion of litigation, any actions the MSPB takes with Harris as a Member, and any actions the NLRB takes with Wilcox as a Member—including the "18 decisions (nearly one per day)" that she has issued since the district court's order[1]—will be called into question and potentially voidable. *See Collins v. Yellen*, 594 U.S. 220, 259 (2021) (explaining that plaintiffs contesting agency action based on unconstitutional removal restrictions can show "compensable harm" if "the President had attempted to remove [an agency head] but was prevented from doing so by a lower court decision holding that he did not have 'cause' for removal"). That additional complication confirms that the stay motion panel acted appropriately and within its discretion in granting a stay of the district courts' reinstatement orders.

**2.** Additionally, it is also not clear what precipitates plaintiffs' requests for initial hearing en banc. Neither plaintiff requested such special consideration of these appeals until after the stay motion panel issued its

---

[1] Wilcox Motion for Emergency Administrative Stay Pending Request for Initial Hearing En Banc (D.C. Cir. Mar. 28, 2025).

4

order. At argument on the stay motion, all parties agreed to expedited merits briefing and consideration by the earliest available panel—during that discussion, plaintiffs did not suggest that initial hearing en banc would be appropriate. And to the extent that all involved seek a definitive merits conclusion with appropriate dispatch, review by the full Court might prolong that process. *See PHH Corp. v. CFPB*, 881 F.3d 75, 77-202 (D.C. Cir. 2018) (en banc) (appeal concerning removal restrictions for the Consumer Financial Protection Bureau, en banc argument held May 24, 2017, judgment of the Court and seven separate opinions issued on January 31, 2018).

If further review is warranted, whichever side is aggrieved by a future merits panel decision can seek (and likely obtain) Supreme Court review. If the President prevails on the merits, Harris and Wilcox can seek certiorari on the ground that a decision upholding their removals invalidates acts of Congress. If Harris and Wilcox prevail, the President can seek review of the impingement on the "'conclusive and preclusive' power through which the President controls the Executive Branch." *Trump*, 603 U.S. at 608-09.

Wilcox somewhat remarkably suggests that these cases may not meet the standard for certiorari, Wilcox Pet. 17, relying on cases in which regulated parties sought to invalidate agency action based on removal

5

challenges. But the Supreme Court has explained that parties seeking such relief must show "compensable harm" caused by the challenged removal restriction—in other words, that they have been concretely prejudiced by the statutory restriction. *Collins*, 594 U.S. at 259. Neither plaintiff in *Consumers' Research v. CPSC*, 91 F.4th 342 (5th Cir. 2024), or *Leachco, Inc. v. CPSC*, 103 F.4th 748 (10th Cir. 2024), alleged that they had satisfied that requirement, which was outcome determinative based on the relief they sought (and thus made each case a poor vehicle for considering the constitutional question).

Here, by contrast, the President has "attempted to remove" Harris and Wilcox and been "prevented from doing so by a lower court decision." *Collins*, 594 U.S. at 259. There is thus no vehicle problem for further review, and these cases squarely present the question of whether the limited exception to the President's removal power in *Humphrey's Executor* applies to the NLRB and MSPB.

The Court will have full merits briefing before it within 9 days and will be able to proceed with submission before a regularly constituted panel. That is how this Court has considered other removal challenges, *see, e.g.*, *Window Covering Manufacturers Association v. CPSC*, No. 22-1300 (D.C. Cir.) (challenge to agency action in light of statutory removal

6

restrictions); *Severino v. Biden*, No. 22-5047 (D.C. Cir.) (challenge to President's removal of an agency member); *Swan v. Clinton*, 100 F.3d 973, 974 (D.C. Cir. 1996) (same). And, of course, the Court is not precluding from later taking the case en banc should that course be warranted.

**3.** Harris and Wilcox both incorrectly suggest that the stay order here applies to the removal restrictions for the Federal Reserve Board of Governors. That is incorrect as a factual matter; the Federal Reserve Board is not subject to the district court's injunction. Moreover, as Supreme Court Justices and court of appeals Judges have observed, the Federal Reserve is "a unique institution with a unique historical background"—*e.g.*, it has singularly distinctive predecessors, the First and Second Banks of the United States—which may illuminate the constitutional analysis. *CFPB v. Community Financial Services Association of America*, 601 U.S. 416, 467 n.16 (2024) (Alito, J., dissenting); *accord Consumers' Research v. CPSC*, 98 F.4th 646, 657 (5th Cir. 2024) (Oldham, J., dissenting). Nothing in the stay motion panel's order purports to touch on those issues.

Nor do these cases concern removal restrictions for inferior officers, *contra* Harris Pet. 13 (citing *United States v. Perkins*, 116 U.S. 483 (1886)), as Members of the NLRB and the MSPB are undoubtedly principal officers

7

who head their respective agencies and are appointed by the President with the advice and consent of the Senate, *see* U.S. art. II, § 2, cl. 2.

**4.** If this Court vacates the panel's stay order or otherwise restores Wilcox and Harris to office, the government respectfully requests that the Court stay that decision for seven days to enable the Acting Solicitor General to seek emergency relief from the Supreme Court. Such a stay would also avoid subjecting the government to a whipsaw in which Wilcox and Harris go in and out of office as courts enter and reverse emergency orders. A brief stay giving the government time to seek Supreme Court review also is warranted in light of the "high respect that is owed to the office of the Chief Executive." *Cheney v. United States District Court*, 542 U.S. 367, 385 (2004); *see id.* ("[T]he Executive's 'constitutional responsibilities and status [are] factors counseling judicial deference and restraint' in the conduct of litigation against it.").

8

# CONCLUSION

The petitions for en banc rehearing of the stay order and initial hearing en banc of the merits should be denied.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
JOSHUA M. SALZMAN
LAURA E. MYRON
 */s/ Daniel Aguilar*
DANIEL AGUILAR
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit set by the Court's April 1, 2025 order because it contains 1,692 words. This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

*/s/ Daniel Aguilar*
Daniel Aguilar