Gupta / Wessler *Issues & Appeals*

May 29, 2025

Clifton Cislak
Clerk, U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re: No. 25-5057, *Wilcox v. Trump, et al.*

Dear Mr. Cislak:

We write in response to the government's letter, advising this Court of the Supreme Court's order granting a stay in *Trump v. Wilcox*, No. 24A966 (May 22, 2025) (per curiam). The Supreme Court's order reaffirmed that the President's removal power is limited by the "exceptions recognized by our precedents." Slip Op. 1. Although the Court predicted that the government is likely to show that the agencies exercise "considerable" (rather than "substantial") executive power, it pointedly "d[id] not ultimately decide in this posture whether the NLRB or MSPB falls within . . . a recognized exception." *Id.* "[T]hat question," the Court determined, would be "better left for resolution after full briefing and argument." *Id.* And that is the question now before this Court.

For the reasons explained in our brief (at 19–27), the National Labor Relations Board fits neatly within an established exception due to its primarily adjudicative nature, its unique structure within a bifurcated agency that separates adjudicative and executive functions, and its ninety-year-old-historical pedigree. Nothing in the Supreme Court's stay order changes that analysis. Indeed, the Court specifically noted that "the constitutionality of for-cause removal protections" for the Federal Reserve may likewise turn on its "unique[] structure[]" and "distinct historical tradition." Slip Op. 2.

Respectfully submitted,

*<u>/s/ Deepak Gupta</u>*
Deepak Gupta
*Counsel for Appellee Gwynne Wilcox*

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741 F 202 888 7792
guptawessler.com